FILED & JUDGMENT ENTERED
David E. Weich

Mar 21 2006

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 05-35484 |
| | ) | Chapter 11 |
| **PLEJ'S LINEN SUPERMARKET** | ) | |
| **SOEAST STORES LLC, et al.,** | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

**ORDER OVERRULING OBJECTION TO CLAIMS**

This matter is before the court upon the Debtors' First Omnibus Objection to Unsecured, Priority, and Secured Claims and Motion for Allowance of Unsecured, Priority, and Secured Claims (the "Debtors' Objection"); the Bankruptcy Administrator's Response in Opposition to Debtors' First Omnibus Objection to Unsecured, Priority, and Secured Claims; and the debtors' Reply thereto. After consideration of the pleadings and the arguments of counsel, the court concludes that it should overrule the Debtors' Objection to the extent it treats the Bankruptcy Administrator's claims as unsecured and finds that the debtors shall treat the Bankruptcy Administrator's claims as priority claims.

**FINDINGS OF FACT**

1. On April 15, 2004, the debtors and certain affiliated companies filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code. The cases were jointly administered under Case No. 04-31389 ("Plej's I"). Subsequently, on October 14, 2005, the debtors filed again for bankruptcy protection under Chapter 11, which cases are currently pending before the court and are being jointly administered under Case No. 05-35484 ("Plej's II").

2. On January 24, 2006, the court entered an Order Granting Motion to Close Cases and for Entry of Final Decrees in Plej's I. The cases were closed over the objection of the Bankruptcy Administrator who asked that the court deny the Debtors' Motion to Close Cases and for Entry of Final Decrees (the "Motion to Close Cases") until all quarterly fees due under 28 U.S.C. § 1930 had been paid. The debtors had failed to pay quarterly fees for the third and fourth quarters of 2005.

3. Although it is not reflected in the January 24, 2006, Order, in its oral ruling on the debtors' Motion to Close Cases, the court found that it would close the cases over the Bankruptcy Administrator's objection because there were not sufficient assets from which to pay the quarterly fees. However, the court indicated that it would address the issue of the outstanding fees in Plej's II.

4. The Bankruptcy Administrator filed seven proofs of claim in Plej's II totaling $4,500.00 for the outstanding quarterly fees from Plej's I.  The debtors subsequently filed their Objection seeking to have the claims for quarterly fees allowed in full but reclassified from priority to unsecured.

5. In its response to the Debtors' Objection, the Bankruptcy Administrator argues that the debtors' treatment of the claims for quarterly fees violates 11 U.S.C. § 507 and 28 U.S.C. § 1930, which gives quarterly fees priority status. Specifically, the version of 11 U.S.C. § 507(a)(1) in effect prior to the 2005 amendments provided that ". . . any fees and charges assessed against the estate under chapter 123 of title 28 . . ." are entitled to first priority.

6. In its reply, the debtors assert that Plej's I and Plej's II are distinct estates and that the quarterly fees are entitled to priority status only in the case in which they arose.  Moreover, the debtors argue that the quarterly fees should be treated no differently than any other administrative expense.  Therefore, the Bankruptcy Administrator must show a benefit to the estate in order for those fees to receive priority status.

**CONCLUSIONS OF LAW**

7. The Bankruptcy Administrator cites <u>U.S. Trustee v. Endy (In re Endy)</u>, 104 F.3d 1154 (9th Cir. 1997), in support of

the proposition that its quarterly fees are entitled to priority treatment in Plej's II.  However, the Endy case has limited applicability here because it deals with a situation in which a case was converted from a Chapter 11 to a Chapter 7.

8.   Here we have two separate Chapter 11 cases, Plej's I and Plej's II, and, therefore, two distinct estates.  See In re Jamesway Corp., 202 B.R. 697, 701 (S.D.N.Y. 1996) ("The estate created in one bankruptcy case is distinct from that created upon the commencement of a subsequent case.").  In contrast, "[n]o estate is created upon the conversion of a case from one chapter to another."  See id.

9.   In order to receive an administrative priority in Plej's II, the Bankruptcy Administrator must show that the quarterly fees generated in Plej's I were "actual, necessary costs and expenses of preserving the estate" in Plej's II.  See 11 U.S.C. § 503(b)(1)(A).  The Bankruptcy Administrator has not met that burden.  Therefore, the court finds that in a situation such as this it would typically treat the claims for the quarterly fees as unsecured pre-petition claims.

10.  However, the equities of this situation require the court to treat the Bankruptcy Administrator's claims as priority claims.  Thus, for the following reasons, the court concludes that the Debtors' Objection must be overruled:  (a)  The claims here involve mandatory fees which are a condition precedent to

4

the maintenance of a Chapter 11 case and, consequently, have an exalted status.  (b)  The two cases are closely related and the second case was filed on the heels of consummation of the first case. (c)  The Bankruptcy Administrator took appropriate action to preserve its claims for the fees in the second case.  (d) The court elected in the prior case not to seek disgorgement of payments made to creditors (or professionals), but instead to deal with the Bankruptcy Administrator's claims in the subsequent case where there were assets available.  (e)  It appears that any prejudice to creditors in Plej's II is minimal, if only because the payout to unsecured creditors is so small in any event.  Given all of these reasons, the court believes that equity requires allowing the Bankruptcy Administrator's claims as priority claims.

It is therefore **ORDERED** that:

1.   The Debtors' First Omnibus Objection to Unsecured, Priority, and Secured Claims and Motion for Allowance of Unsecured, Priority, and Secured Claims is overruled to the extent it treats the Bankruptcy Administrator's claims as unsecured.

2.   The debtors shall treat the Bankruptcy Administrator's claims as priority claims.

**This Order has been signed electronically.**     **United States Bankruptcy Court**
**The judge's signature and court's seal**
**appear at the top of the Order.**